**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZONGJIAN JIANG,<br><br> Petitioner,<br><br> v.<br><br> MERRICK B. GARLAND, Attorney General,<br><br> Respondent. | No. 16-73017<br><br>Agency No. A089-990-490<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Zongjian Jiang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to the days of the week Jiang attended church in China, who was preaching the day he was arrested, the number of churches he attended, the extent of Jiang's injuries from the arrest, whether his second child's birth was authorized, and how many intrauterine devices his wife was required to use. *See Shrestha*, 590 F.3d at 1040 (inconsistencies may be considered in assessing credibility under the totality of the circumstances). Jiang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that Jiang did not present documentary evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to rehabilitate his testimony).

We do not address Jiang's contentions that, assuming his testimony was credible, he established eligibility for asylum and withholding of removal because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*,

16-73017

657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

In light of this disposition, we need not reach Jiang's contentions regarding whether his asylum application was timely filed. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Thus, in the absence of credible testimony, Jiang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of CAT protection because Jiang's claim was based on the same testimony the agency found not credible, and Jiang does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured in China. *See id*. at 1157. In his opening brief Jiang does not raise, and thus forfeits, any challenge to the BIA's failure to explicitly address Jiang's non-testimonial evidence. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

We do not consider the materials Jiang references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

16-73017

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**